IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STEPHEN J. BESPALKO, and**
**THE UNITED STATES OF AMERICA,**
**ex.rel.,**
        **Plaintiffs,**

**v.**                                     **CIV No. 99cv1466 LH/RLP**

**SANDIA CORPORATION, INC.,**
**d/b/a/ Sandia National Laboratories,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Sandia Corporation's Motion and Supporting Memorandum to Dismiss Count III of Plaintiff's Complaint, filed June 1, 2004 **(Docket No. 44).** The Court, having considered the motion, briefs of the parties and applicable case law, concludes that the motion is not well-taken, that it will be **denied**, and that Count III of the First Amended Complaint will not be dismissed.

**Procedural Overview**

Count III of the First Amended Complaint is entitled "Wrongful Discharge." In Paragraph 51 of this complaint, Bespalko alleges that he was an at-will employee at Sandia National Laboratories ("Sandia"), and that he was constructively discharged by Sandia, because he reported "actual or perceived fraud, under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733 (1988 & Supp. 1993). The False Claims Act provides a framework for detecting and countering fraud against the government. This Act contains a provision that creates a remedy for employees who suffer

retaliation from their employers as a result of activities in furtherance of a qui tam suit.[1]  31 U.S.C. § 3730(h).  Specifically, this section protects employees from threats, demotion, harassment, suspension or discharge by their employers in retaliation for their activities taken in furtherance of a qui tam action filed under the Act.  This section specifies certain remedies such as reinstatement, and states that any employee wronged under this section shall be entitled to all relief necessary to make the employee whole.

Count III alleges that Sandia's actions toward Bespalko were wilful, intentional or reckless, and that these actions violated New Mexico's public policy, resulting in a state law claim of retaliatory discharge under New Mexico law.  It is this count that Sandia seeks to dismiss, on the basis that Bespalko has another available remedy, i.e., the federal statutory claim for retaliation under the FCA, as alleged in Count II.  Sandia argues that a state retaliatory discharge claim would not be recognized by New Mexico courts because the FCA itself recognizes an important public policy and provides a remedy.  Sandia argues that New Mexico courts repeatedly have refused to recognize a retaliatory discharge claim where other remedies are available to vindicate the alleged public policy violation.

**Legal Analysis**

The tort of retaliatory discharge was first recognized in New Mexico by <u>Vigil v. Arzola</u>, 102

---

[1] The Latin phrase "qui tam" is an abbreviation for "qui tam pro domino rege quam pro se ipso in hac parte sequitur," meaning, "who as well for the king as for himself sues in this matter." The purpose of the False Claims Act "is to enhance the Government's ability to recover losses sustained as a result of fraud against the Government." <u>Ridenour v. Kaiser-Hill Co., L.L.C.</u>, 397 F.3d 925, 929 (10th Cir. 2005) (citations to legislative reports omitted).  It empowers a private individual (a "relator") to bring a civil claim on his or her own behalf, and on behalf of the Government, against a person or company who knowingly presents a false claim to the Government for payment.

N.M. 682, 688 (Ct. App. 1983), rev'd in part on other grounds, 101 N.M. 687 (1984), modified by Boudar v. E.G. & G., Inc., 106 N.M. 279, 280-81 (1987), and modified by Chavez v. Manville Prods. Corp., 108 N.M. 643, 649-50 (1989). Vigil requires that a plaintiff must identify a specific expression of public policy. A general allegation that the discharge contravened public policy is insufficient to state a cause of action for retaliatory discharge. 102 N.M. at 690. Public policy can be expressed in one of several specific categories which could provide the exception to the at-will doctrine: (1) legislation which not only defines public policy but also provides a remedy (including N.M. HRA in this category); legislation which protects employees but do not provide a remedy; and instances where no legislative expression of public policy exists, but where the judiciary "would have to imply a right as well as a remedy." 102 N.M. at 689.

To establish a retaliatory discharge cause of action, Bespalko must demonstrate that he was discharged for either of two reasons: (1) because he performed an act that public policy has authorized or would encourage; or (2) because he refused to do something required of him by his employer that public policy would condemn. Shovelin v. Central New Mexico Electrical Cooperative, Inc., 115 N.M. 293, 303 (1993)(quoting Chavez, 108 N.M. at 647). "The linchpin of a cause of action for retaliatory discharge is whether by discharging the complaining employee the employer violated a 'clear mandate of public policy.'" Id. Bespalko asserts in Paragraph 52 of the complaint that Sandia's discrimination and constructive discharge of him "in whole or in part for reporting actual or perceived fraud under the False Claims Act is against the public policy of New Mexico."

This Court has carefully reviewed the cases cited by both parties and concludes that Sandia's argument that the existence of an alternative remedy bars a claim for retaliatory discharge is

3

unsupported in light of recent New Mexico case law. See Gandy v. Wal-Mart Stores, Inc., 117 N.M. 441, 445-46 (1994)(holding that existence of remedy under the New Mexico Human Rights Act did not preclude retaliatory discharge claim); Michaels v. Anglo American Auto Auctions, Inc., 117 N.M. 91, 93 (1994)(comparing severe limitations on relief available under worker's compensation statutes with relief possible from the tort of retaliatory discharge and holding that the former did not bar a separate lawsuit in tort); Shovelin, 115 N.M. at 303 (the tort of retaliatory discharge may be based on a violation of one of the public policy mandates set out in the Human Rights Act); Foster v. Loco Credit Union, No. 03Civ.1243 (D.N.M. Oct. 19, 2004)(the availability of a remedy under 11 U.S.C. § 525 does not bar a claim for retaliatory discharge under New Mexico law).

In Gandy, the New Mexico Supreme Court ruled that the remedies provided in the New Mexico Human Rights Act ("Human Rights Act") were not exclusive, and that exhaustion under the Act was not a prerequisite to bringing a tort action. The Supreme Court also ruled that the tort of retaliatory discharge can be based on a violation of public policy mandates set out in the Human Rights Act. Gandy noted that the overlapping of remedies between the tort claim and the statutory scheme did not bar the tort claim, unless it was clear from the statutory language and the completeness of the "remedial mechanisms" that it was meant to be exclusive. 117 N.M. 444 (citing Wright v. City of Roanoke Redevelopment & Hous. Auth., 479 U.S. 418, 425 (1987)). Defendants do not argue or offer any legal basis for a finding that the remedial scheme in the FCA is exclusive.

I note that other federal judges from this district have interpreted New Mexico law on this issue with the opposite result.[2] These three cases have relied upon New Mexico case law that pre-

---

[2] See McDonald v. Corrections Corp. of America, 181 F.Supp.2d 1274, 1282-83 (D.N.M. 2002), Parker v. John Q. Hammons Hotels, Inc., 914 F.Supp. 467, 472 (D.N.M. 1994) and Jeffers v. Butler, 762 F.Supp. 308, 310 (D.N.M. 1990).

dates the cases upon which this Court relies. As argued by Plaintiff, this Court's interpretation of the evolution of New Mexico law compels the decision that he may maintain a claim for retaliatory discharge.

Of course, while Plaintiff may pursue causes of action under both the FCA and retaliatory discharge, Plaintiff would not be able to recover twice for the same harm, that is, once under the statute and again under the tort. See, Gandy, 117 N.M. 441, 443 (N.M. 1994); Silva v. American Federation of State, County and Municipal Employees et al., 131 N.M. 364 (2001) (at-will employee could pursue claims under retaliatory discharge as well as the Human Rights Act, but employee was precluded from award of damages under both schemes).

In sum, contrary to Sandia's arguments, New Mexico courts do not decline to recognize a claim for retaliatory discharge where an employee has an alternative statutory remedy. Count III does not fail to state a claim upon which relief may be granted and it shall remain in this lawsuit.

---

Parker's holding relies on an earlier federal case Salazar v. Furr's Inc., 629 F.Supp. 1403 (D.N.M. 1986). The plaintiff in Salazar was fired because she was pregnant. The court found that plaintiff's retaliatory discharge claim was indistinguishable from her Title VII claim, and interpreted Vigil to mean that "wrongful discharge does not extend to cases for which another remedy is provided by law." 629 F.Supp. at 1409. McDonald in turn relied on Parker and Salazar. However, the Salazar court did not have the benefit of subsequent New Mexico cases which clarified Vigil with regard to this issue. See, e.g., Silva, 131 N.M. 364 (2001) ("Silva I"); Silva v. American Federation of State County and Municipal Employees et al, 131 N.M. 364 (2001) ("Silva II") and Gandy, 117 N.M. at 444 ("We begin by noting that [defendant's] position contradicts the explicit language in Vigil. . .").

Jeffers relied on a New Mexico case which precluded a plaintiff from basing a retaliatory discharge claim on the public policy mandates in the Workers' Compensation statutes. This case, Williams v. Amex Chemical Corp., 104 N.M. 293 (1986), was overruled by Michaels v. Anglo American Auto Auctions, Inc., 117 N.M. 91 (1994) (statute in Workers' Compensation Act which prohibits retaliation against employee for seeking workers' compensation benefits does not provide exclusive remedy, and employee may pursue independent cause of action for retaliatory discharge, notwithstanding general language in Workers' Compensation Act that it provides exclusive remedies).

Accordingly, Sandia's Motion to Dismiss Count III **(Docket No. 44)** is denied.

    **IT IS SO ORDERED.**

                                                                                UNITED STATES DISTRICT JUDGE